IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAY OLDEN BRUCE, JR.                                                                                    PLAINTIFF

v.                                        Civil No. 2:22-cv-02165-PKH-MEF

CORRECTIONAL OFFICER                                                                            DEFENDANT
TOMMY METCALF

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.    BACKGROUND

Plaintiff filed his Complaint on October 14, 2022.  (ECF No. 1).  Plaintiff is currently incarcerated in the Crawford County Detention Center ("CCDC"), was convicted on August 2, 2022, and is serving his sentence.  (*Id*. at 2).  Plaintiff alleges that on August 25, 2022, CCDC Officers Metcalf and Crews were serving dinner to the inmates.  (*Id*. at 3).  Plaintiff alleges he asked Defendant Metcalf for his peanut butter, at which time Defendant Metcalf told Plaintiff to "suck my dick," "flipped" him off, and slammed the door in his face.  (*Id*.).  Plaintiff asked to call the Prison Rape Elimination ("PREA") Hotline, and was denied that call.  (*Id*.).  He also alleges he has still not been seen by mental health for the incident.  Plaintiff alleges he was raped

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

as a child, and this incident "brought back things." (*Id*. at 3-4). Plaintiff does not allege that Defendant Metcalf was responsible for or personally involved in the denial of the PREA call or the denial of mental health care.

Plaintiff states he gave his complaint to CCDC Officer Crews. Lieutenant Fields later came back and apologized to him and told him that "he" had been fired. (*Id*. at 4). The Court will interpret this statement to mean that Defendant Metcalf has been fired from CCDC.

Plaintiff proceeds against Defendant Metcalf in his official and individual capacities. (*Id*.). Plaintiff seeks compensatory and punitive damages. (*Id*. at 5). Plaintiff checked the box on the form indicating he also sought "other" damages, but his description of damages appears to focus solely on monetary damages. (*Id*.).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

Plaintiff fails to state any plausible constitutional claims. Plaintiff alleges that Defendant Metcalf directed offensive language and an offensive hand gesture at him, and then slammed a door "in his face." Plaintiff does not allege that he was physically injured in any way. The law is clear: "verbal threats do not constitute a constitutional violation." *Sargent*, 780 F.2d at 1339. Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation.).

Plaintiff alleges that he was denied mental health care and the opportunity to make a PREA call after the incident with Defendant Metcalf. Plaintiff does not, however, allege that Defendant Metcalf was personally involved in denying him mental health care or in denying his request to make a PREA call. "Liability under Section 1983 requires a causal link to, and direct

responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between Defendant Metcalf and his allegation that he was denied mental health care and the opportunity to make a PREA call. *See Martin*, 780 F.2d 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim).

### IV.     CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3), the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE